**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE GREEN,** | : | **CIVIL ACTION NO. 1:09-CV-0154** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DET. SNEATH, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 7th day of January, 2011, upon consideration of defendants'

motion for reconsideration (Doc. 68) of this court's order (Doc. 65) deeming their

motions for summary judgment (Docs. 62, 64) withdrawn for failure to file briefs in

support of the motion as required by Local Rule 7.5,  and it appearing that

defendants fail to demonstrate one of three major grounds for reconsideration ((1)

an intervening change in controlling law; (2) the availability of new evidence [not

available previously]; [or], (3) the need to correct clear error [of law] or prevent

manifest injustice.'"))[1], <u>North River Ins. Co. v. Cigna Reinsurance Co.</u>, 52 F.3d 1194,

---

[1]Defendants argue that it is "necessary to grant their motion in order to
prevent manifest injustice from occurring as a result of the Court's December 6,
2010 order" in requiring defendants to prepare for and attend an unnecessary trial.
(Doc. 69, at 1; Doc. 68, at ¶ 22.)  In support, counsel argues that she "believed that
the Court would consider the supporting briefs and declarations previously filed in
this case because no mention of this documentation had been made in the
September 22, 2010 Order [striking motions for summary judgment for failure to
comply with L.R. 56.1 and directing the Clerk of Court to "TERMINATE the
motions . . . ."] (Doc. 53, emphasis in original) and the previous documentation was
timely and consonant with the local rules." (Doc. 69, at 2.)  This argument is
disingenuous.  After the September 22, 2010 order, counsel moved for an
enlargement of time to file "dispositive motions and supporting materials."  (Doc.

1218 (3d Cir. 1995) (citations omitted); <u>see</u> <u>Waye v. First Citizen's Nat'l Bank</u>, 846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), <u>aff'd</u>, 31 F.3d 1174 (3d Cir. 1994); <u>see</u> <u>also</u> <u>Database America, Inc. v. Bellsouth Adver. & Publ'g Corp.</u>, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), it is hereby ORDERED that:

1.　　The motion for reconsideration (Doc. 68) is DENIED.

2.　　The matter will be set for trial at the convenience of the court.


　S/ Christopher C. Conner　　
CHRISTOPHER C. CONNER
United States District Judge

---

54.)  Defendants motion was granted and they were afforded additional time "to file a motion for summary judgment which complies in all respects with Local Rule 7.5 and Local Rule 56.1."  (Doc. 57.)  Local Rule 7.5 unequivocally states that "[w]ithin fourteen days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . .  If a supporting brief is not filed within the time provided. . . the motion shall be deemed withdrawn."  <u>See</u> Local Rule 7.5.  There is no question that briefs in support of the motion were required.