IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYRONE GREEN**, | : CIVIL ACTION NO. 1:09-CV-0154 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **DET. SNEATH**, et al., | : |
| **Defendants** | : |

## ORDER

AND NOW, this 19th day of July, 2011, upon consideration of plaintiff's motion (Doc. 121), in which he seeks reconsideration of this court's order of June 15, 2011 (Doc. 112), granting defendants' motion for an enlargement of time to file a pretrial memorandum and extend the trial date, and it appearing that plaintiff fails to demonstrate one of three major grounds for reconsideration ((1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'")), North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted), and that he simply takes issue with the court's decision to grant defendants' motion as permitted by Federal Rule of Civil Procedure 6(b)(1)(B)(allows Court, in its discretion, to enlarge the time period after a deadline has passed, for good cause and where the party had failed to act because of excusable neglect), see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also

Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D. N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), it is hereby ORDERED that the motion (Doc. 121) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge